UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN E. L.,[1]<br>A-Number: 043-434-811,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE MESA VERDE DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-06156-JLT-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY RESPONDENTS' MOTION TO DISMISS, GRANT IN PART AND DENY IN PART PETITION FOR WRIT OF HABEAS CORPUS, AND DENY MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docs. 1, 5, 11)<br><br>[14-DAY DEADLINE] |

## I. INTRODUCTION

Petitioner Glen E. L. is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner contends that his continued detention without a bond hearing before a neutral decisionmaker violates the Due Process Clause of the Fifth Amendment. Petitioner also moves for appointment of counsel (Doc. 5), and Respondents move to dismiss the petition (Doc. 11). For the reasons set forth below, the undersigned recommends that Respondents' motion to dismiss be DENIED, that the Petition be

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

GRANTED IN PART and DENIED IN PART, and that Petitioner's motion for appointment of counsel be DENIED.

## II. BACKGROUND

### A. Petitioner's Immigration and Criminal History

Petitioner is a native and citizen of the Turks and Caicos Islands. (Doc. 11-1 at 1; Doc. 11-3 at 1.) He was admitted to the United States at New York, New York on or about May 30, 1992, as a lawful permanent resident in the FX2 category, when he was nineteen years old. (Doc. 11-3 at 1.) Petitioner states that he has continuously resided in the United States as a lawful permanent resident since 1992 and that his mother and three sisters are United States citizens. (Doc. 1 at 5-6.)

On July 11, 2024, Petitioner entered a plea of nolo contendere in the Circuit Court of the Eighteenth Judicial Circuit, Seminole County, Florida, to one count of sale or delivery of fentanyl, a second-degree felony, in violation of Florida Statute § 893.13(1)(a)(1). (Doc. 11-2 at 12.) Petitioner was sentenced to a term of incarceration for 121 days followed by community control and drug offender probation. (*Id.* at 12-16.) On November 6, 2025, the state court revoked Petitioner's supervision and sentenced him to a term of thirteen months of imprisonment, with credit for 275 days served. (*Id.* at 5, 9, 18.)

On January 23, 2026, the Department of Homeland Security ("DHS") issued a Notice to Appear charging Petitioner with removability under section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i), as a noncitizen convicted after admission of a violation of a law relating to a controlled substance. (Doc. 11-3 at 1-4.) The Notice to Appear was personally served on Petitioner on February 4, 2026. (*Id.* at 2.)

### B. Petitioner's Detention

Petitioner states that he was released from state custody on February 6, 2026, and was taken into the custody of U.S. Immigration and Customs Enforcement ("ICE") that same day. (Doc. 1 at 5.) Respondents do not dispute that date, and the record contains no evidence contradicting it.[2]

Petitioner was initially detained at the Krome North Service Processing Center in Miami,

[2] The Court's August 5, 2026 Order to Show Cause states that Petitioner has been continuously detained since February 2, 2026. (Doc. 7.) The Petition itself alleges detention beginning February 6, 2026. (Doc. 1 at 5.) The four-day discrepancy is immaterial to the analysis herein.

Florida. (Doc. 1 at 5.) On May 31, 2026, Petitioner was transferred to the Mesa Verde ICE Processing Center in Bakersfield, California, where he remains confined. (Doc. 10 at 1; Doc. 10-1 at 1.)

Petitioner alleges that no neutral decisionmaker has ever conducted a hearing to determine whether his continued detention is justified by danger to the community or risk of flight. (Doc. 1 at 2, 5.) Respondents do not contend otherwise.

As of the date of these Findings and Recommendations, Petitioner has been detained in ICE custody for approximately seven months. Respondents acknowledge that Petitioner's detention "has reached approximately eight months." (Doc. 11 at 6.)

**C. Procedural History**

Petitioner filed the instant petition on August 3, 2026. (Doc. 1.) He concurrently filed a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A. (Doc. 5.)

On August 5, 2026, the Court ordered Respondents to show cause why the petition should not be granted, directing a response within twenty-one days of service and permitting Petitioner to file a traverse within seven days of the response. (Doc. 7.)

On August 21, 2026, Respondents filed a status report confirming Petitioner's placement at Mesa Verde. (Doc. 10.) On August 26, 2026, Respondents filed the operative response, styled as a motion to dismiss, together with supporting exhibits. (Docs. 11, 11-1, 11-2, 11-3.) Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B), that he has failed to exhaust administrative remedies by seeking a hearing under *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999), and that his detention is constitutional and not indefinite. (Doc. 11 at 1-6.)

Petitioner has not filed a traverse, and the time to do so has expired. The matter is submitted.

## III. DISCUSSION

**A. Jurisdiction**

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-*

*Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). The Supreme Court has confirmed that federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). Petitioner is detained at the Mesa Verde ICE Processing Center in Bakersfield, California, within this judicial district, and he challenges the constitutionality of his detention. Jurisdiction is therefore proper.

Further, the Supreme Court in *Demore* did not foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See Demore*, 538 U.S. at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified"). Petitioner asks the Court whether the Due Process Clause entitles him to a hearing or release, and that question remains within the Court's jurisdiction.

**B. Respondent's Exhaustion Argument Does Not Reach Petitioner's Claim**

Respondents contend that any challenge to Petitioner's classification as subject to mandatory detention must be raised through a "Joseph Hearing" before the immigration judge, and that Petitioner has failed to exhaust that remedy. (Doc. 11 at 3-4 (citing *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999))). That argument is misdirected. A Joseph Hearing addresses only whether a detainee is properly included within a mandatory-detention category or whether the government is substantially likely to establish the mandatory-detention grounds. It does not provide any individualized assessment of flight risk or dangerousness, and it affords no bond determination.

Petitioner does not appear to contest that his prior conviction is a proper predicate for detention under section 1226(c). Instead, Petitioner argues that the duration of his detention without any individualized bond determination now offends due process. That claim does not depend on the classification question a Joseph Hearing resolves, and exhaustion of that administrative remedy is therefore not required.

**C. Petitioner's Continued Detention Without an Individualized Bond Hearing Violates Due Process**

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth

Amendment entitles aliens to due process of law" in removal proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). At the same time, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531.

In *Demore*, the Supreme Court sustained such detention under section 1226(c) on the understanding that it lasts only "for the brief period necessary for [the noncitizen's] removal proceedings," relying on data reflecting detention averaging approximately a month and a half, and approximately five months in the minority of cases involving an appeal to the Board of Immigration Appeals. *Demore*, 538 U.S. at 513, 529-31. As discussed above, *Demore* does not, however, foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See id.* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").

Under section 1226(c), there is no bright-line rule fixing the point at which detention becomes unreasonable. *See Jennings v. Rodriguez*, 583 U.S. 281, 297-303 (2018); *see also Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019). Where a Due Process Clause challenge is presented, courts evaluate the claim under the balancing framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing the private interest at stake, the risk of erroneous deprivation of that interest, and the Government's interest. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025). Applying that framework to immigration detention, the Ninth Circuit has identified as relevant the duration of detention to date, the anticipated duration of future detention, delays attributable to either party, and the likelihood that the proceedings will result in a final removal order. *Rodriguez Diaz*, 53 F.4th at 1207-08.

The end of Petitioner's detention is not reasonably foreseeable. Civil immigration detention is nonpunitive and is ordinarily justified only by the twin purposes of preventing flight and protecting the community pending removal. *Zadvydas*, 533 U.S. at 690. Detention that is not

reasonably related to those purposes, including detention that has become prolonged and lacks a determinable end, raises serious constitutional concerns. *Id.* at 690-91. Respondents correctly observe that detention under section 1226(c) "has a definite termination point: the conclusion of removal proceedings." *Jennings*, 583 U.S. at 304 (quotation marks omitted). But that endpoint is not near or reasonably foreseeable. After approximately seven months of detention, Petitioner's immigration case remains pending. In accordance with *Jennings*, the undersigned does not treat any fixed period of detention under section 1226(c) as a bright line. Nonetheless, in light of approximately seven months of detention here with no reasonably foreseeable endpoint, the *Mathews* balancing test now favors an individualized hearing.

i. Private Interest.

The first *Mathews* factor asks the weight of the private interest affected. Petitioner's interest in "freedom from prolonged detention" is "unquestionably substantial." *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Petitioner has been a lawful permanent resident of the United States for more than three decades, having been admitted in 1992 at the age of nineteen. (Doc. 11-3 at 1; Doc. 1 at 5-6.) His mother and three sisters are United States citizens. (Doc. 1 at 6.) This factor weighs in Petitioner's favor.

ii. Risk of Erroneous Deprivation.

The second factor asks the risk of an erroneous deprivation under the procedures used and the probable value of additional safeguards. The probable value of an individualized hearing is substantial. No neutral decisionmaker has ever assessed whether Petitioner poses a danger to the community or a risk of flight, whether conditions of supervision could mitigate any such risk, or whether a bond in any amount would secure his appearance. A single bond hearing before an immigration judge would produce an individualized determination on exactly the questions that have gone unasked for seven months. This factor weighs in Petitioner's favor.

iii. Government's Interest.

The Government has a legitimate and weighty interest in ensuring a noncitizen's appearance at removal proceedings and in protecting the public from noncitizens who pose a danger. *Rodriguez Diaz*, 53 F.4th at 1208. The undersigned does not discount that interest, and Petitioner's criminal

history is not trivial.

But the key Government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him *without a bond hearing*." *Zagal-Alcaraz v. ICE Field Office Dir.*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020). Providing a single individualized hearing imposes minimal fiscal and administrative burden, and it does not compel Petitioner's release. If the Government establishes that Petitioner is a danger or a flight risk, his detention will continue. The Government's interest in avoiding that limited process does not outweigh Petitioner's substantial liberty interest after approximately seven months without review. The question of whether continued detention is warranted is committed to the immigration judge.

Weighing the factors, the undersigned finds that Petitioner's continued detention under section 1226(c), for a period of approximately seven months without any individualized determination by a neutral decisionmaker, violates the Due Process Clause. To the extent Petitioner seeks immediate release, such relief is not warranted. The constitutional defect identified above is procedural: Petitioner has been denied a hearing, not shown to be entitled to release. The appropriate remedy is to supply the missing process of a bond hearing. Should the immigration judge conclude that Petitioner's continued detention is justified, no constitutional violation will remain.

**D. Remaining Requests for Relief**

Petitioner also describes conditions at both Krome and Mesa Verde that he contends are inhumane, including inadequate medical care, poor food and water, inadequate bedding causing back pain, and outdoor recreation in extreme heat without water. (Doc. 1 at 5-6.)

To the extent Petitioner seeks relief from those conditions, such claims do not lie in habeas. A habeas corpus proceeding is not an appropriate forum in which to bring a civil rights claim. *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973). The writ of habeas corpus is limited to attacks upon the legality or duration of confinement. *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003). The proper method of challenging conditions of confinement is through a civil rights action rather than a habeas corpus petition. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.1991). Therefore, the

undersigned recommends these claims be DISMISSED WITHOUT PREJUDICE to Petitioner pursuing them in an appropriate civil action.

**E. Motion for Appointment of Counsel (Doc. 5)**

Petitioner moves for appointment of counsel under 18 U.S.C. § 3006A. (Doc. 5.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). Appointment is discretionary and appropriate where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Here, Petitioner's filings demonstrate an adequate ability to articulate his claims, and the legal issues presented are not complex such that denial of counsel would amount to a denial of due process. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). Accordingly, the undersigned recommends that the motion for appointment of counsel (Doc. 5) be DENIED.

**IV. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondents' motion to dismiss the petition (Doc. 11) be **DENIED**;
2. The petition for writ of habeas corpus (Doc. 1) be **GRANTED IN PART** as to Petitioner's prolonged detention claim;
3. Within ten (10) days of any order adopting these findings and recommendations, Respondents be ORDERED to provide Petitioner an individualized bond hearing before an immigration judge. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) (identifying a bond hearing as the appropriate remedy, rather than release). At the hearing, the Government must establish "by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." *Id.* (citations omitted). If Respondents fail to provide Petitioner with a bond hearing as required by the Court's order, Petitioner should be immediately released from detention;
4. The petition be **DENIED IN PART** to the extent Petitioner seeks immediate release; and,

5. Petitioner's motion for appointment of counsel (Doc. 5) be **DENIED**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **September 16, 2026**

Erin Sung Castillo
UNITED STATES MAGISTRATE JUDGE